784 P.2d 338

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jeffrey Alan LALLY, Defendant–Appellant.**

**No. 17617.**

Court of Appeals of Idaho.

Nov. 1, 1989.

Petition for Review Denied Jan. 22, 1990.

---

the evidence. *State v. Campbell*, 104 Idaho 705, 662 P.2d 1149 (Ct.App.1983). Moreover, we view the evidence in the light most favorable to the respondent. *State v. Fenley*, 103 Idaho 199, 204, 646 P.2d 441, 446 (Ct.App.1982).

Here, we see no purpose in detailing the facts of the case. Suffice it to say that the evidence presented at trial included witness testimony, stolen property found in Lally's possession, and burglary tools, also found in Lally's possession. Upon a careful review of the record, we find this evidence clearly sufficient to support both the determination of venue and the finding of guilt on all charges. In addition, we find no merit to collateral issues raised in Lally's reply brief.

The judgment of conviction is affirmed.

Terry S. Ratliff, Elmore County Public Defender, Mountain Home, for defendant-appellant.

Jim Jones, Atty. Gen., by Jack B. Haycock, Deputy Atty. Gen., Boise, for plaintiff-respondent.

## PER CURIAM.

Jeffrey Alan Lally was convicted by a jury in Elmore County of three counts of burglary, four counts of grand theft and one count of petit theft. On appeal he challenges the sufficiency of the evidence to sustain the conviction. Specifically, he contends the evidence was insufficient to establish that all the crimes occurred in Elmore County and insufficient to link Lally to each of the offenses.

Appellate review of the sufficiency of the evidence is limited in scope. A judgment of conviction, entered upon a jury verdict, will not be set aside where there is substantial evidence upon which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Filson*, 101 Idaho 381, 613 P.2d 938 (1980). We do not substitute our judgment for that of the jury as to the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn from